**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1443
_____

YULIUS LANGI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-266-979)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2011
Before:  BARRY, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 9, 2011)
_____

OPINION
_____

PER CURIAM

        Yulius Langi petitions for review of a final order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying asylum,

1

withholding of removal, and relief under the Convention Against Torture (CAT). We will deny the petition for review.

Langi is a citizen of Indonesia, who arrived in the United States in September 2001 on a B-2 visa to compete in a whitewater-rafting competition on behalf of the Indonesian national team. He was entitled to stay until October 20, 2001, but stayed beyond that period without authorization. The Department of Homeland Security (DHS) charged Langi with removability under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), and Langi applied for asylum, withholding of removal, and CAT relief.

At his administrative hearing in 2007, Langi testified that he wished to remain in the United States because he believed that, as a practicing Christian, he would be subject to religious persecution in Indonesia. He said that while living in the small town of Sukabumi, his house was repeatedly stoned, and that in November 1998, a mob of militant Muslims attacked him and broke his nose. After the attack, Langi was jailed without explanation for two or three days. Soon thereafter, he and his family moved to Jakarta. In Jakarta, Langi did not suffer any personal persecution, but there were frequent bombings and he did not feel safe. In 2000, he moved to Manado. As noted, Langi came to the United States in September 2001. Langi's family remained in Jakarta, and has been free from harassment since the November 1998 incident.

The IJ concluded that Langi was removable, finding that the asylum application

2

was untimely and that Langi failed to meet his respective burdens of proof for withholding of removal and for CAT relief. The BIA then dismissed Langi's appeal. The BIA agreed with the IJ that Langi's asylum application was untimely. The BIA further affirmed the IJ's denial of withholding of removal because Langi failed to demonstrate past persecution or a clear probability of future persecution if he returned to Indonesia. The BIA concluded that while the attack on Langi was disturbing, it was not sufficiently serious to qualify as past persecution, and that even if it did, the presumption of future persecution was rebutted because Langi could avoid persecution by relocating to Jakarta or Manado. The BIA also ruled that Langi had failed to establish either that he would be singled out for future persecution or that there was a pattern or practice of persecution of Christians in Indonesia. Langi then filed this petition for review.

We have jurisdiction over the BIA's final order of removal pursuant to section 242(a). Where, as here, the BIA has issued a decision on the merits and not simply a summary affirmance, we review the BIA's decision. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We must uphold the BIA's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation marks omitted). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B).

At the outset, we note that although Langi originally sought asylum, withholding

3

of removal, and CAT relief, we have jurisdiction over only the withholding-of-removal claim. As Langi acknowledges, the BIA concluded that his asylum claim was untimely. Our jurisdiction over claims concerning the timeliness of an asylum application is limited: we may consider only constitutional or legal issues. See INA § 208(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006). Langi has raised no such issue, and accordingly, we may not upset the BIA's order denying the claim as untimely. Further, while Langi sought relief under CAT before the IJ, he did not appeal the IJ's denial of that claim to the BIA. Therefore, he did not administratively exhaust that claim, and we lack jurisdiction to review it. See INA § 242(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

To obtain withholding of removal, an alien must establish that it is more likely than not that his life or freedom would be threatened in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion. See INA § 241 (b)(3)(A); Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). To make this showing, the alien must demonstrate either past persecution (which creates a rebuttable presumption that the alien would be persecuted upon return to that country) or a likelihood of future persecution. See 8 C.F.R. § 208.16(b).

Here, Langi presents only a claim that he will face future persecution.[1] Such a

---

[1] In his statement of issues on appeal, Langi listed issues that concern both past persecution and future persecution. However, Langi has presented no argument whatsoever in support of any past-persecution claim, and we therefore conclude that "he

4

claim requires the applicant to demonstrate a subjective fear of persecution and that that fear is objectively reasonable. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). The objective prong can be satisfied by showing either that (1) the alien "would be individually singled out for persecution" or (2) there is a "pattern or practice" in the country of persecuting individuals who are similarly situated to the alien. Id. Even assuming that Langi possesses a subjective fear of persecution, we conclude that substantial evidence supports the BIA's conclusion that he has failed to show that his fear is objectively reasonable.

We agree with the BIA that Langi has failed to establish that he has a reasonable, individualized fear of persecution. The record shows that Langi did not suffer any persecution in either Jakarta or Manado while living there after being attacked in Sukabumi in 1998 — in fact, he was selected to represent his nation as a member of Indonesia's whitewater-rafting team. Further, as the BIA noted, "his Christian practicing family has not been attacked by Muslim extremists since his departure from Indonesia." We therefore conclude that substantial evidence supports the BIA's denial of this claim. See Lie, 396 F.3d at 537 (rejecting Indonesian national's claim that he would face future prosecution on account of his Christianity where his family had remained in Indonesia without being harmed).

We also agree with the BIA that the evidence in the record does not show that

_____

has abandoned and waived that issue on appeal." Mitchell v. Cellone, 389 F.3d 86, 92

there is a pattern or practice of persecuting Christians in Indonesia. Langi presented only scattered articles from 2000 through 2002, which provide little information about the likelihood that Langi would be persecuted if forced to return to Indonesia almost a decade later, and various State Department reports, which we have previously held do not support a pattern-or-practice claim. See Wong v. Attorney General, 539 F.3d 225, 235 (3d Cir. 2008); Lie, 396 F.3d at 537. Langi urges us to follow the Fifth Circuit's decision in Eduard v. Ashcroft, 379 F.3d 182, 192 (5th Cir. 2004), where the court held that "there was a pattern of persecution of Christians in Indonesia." Langi's invocation of Eduard is unavailing: we have recently refused to rely on Eduard because it is predicated on "outdated" evidence and fails to reflect Indonesia's improved conditions. See Wong, 539 F.3d at 235. Thus, while Langi has presented evidence that some anti-Christian violence persists in Indonesia, we conclude that substantial evidence supports the BIA's conclusion that it does not rise to the level of a pattern or practice.

Accordingly, we will deny the petition for review.

---

(3d Cir. 2004) (internal quotation marks omitted).